UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

HERBERT ALONZO STONE, JR.,                    CASE NO. 02-15968-WSS

    Debtor.                                               Chapter 11

---

HERBERT ALONZO STONE, JR.,

    Plaintiff/Counter-defendant

v.                                             ADV. PROC. NO. 04-01160

CLARICE NELSON STONE,

    Defendant/Counter-claimant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Lawrence B. Voit, Counsel for the Plaintiff
Gary P. Alidor, Counsel for the Defendant

This matter is before the Court on cross-motions for summary judgment. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). After consideration of the pleadings, evidence, briefs, and arguments of counsel, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The Debtor was divorced from the Defendant, Clarita Stone, by judgment entered in the Circuit Court of Mobile County, Alabama ("the domestic relations court") on October 30, 1997. The divorce judgment came after a trial and was not based on an agreement of the parties.

1

Paragraph 18 of the divorce judgment provides:

> 18. With respect to the alimony in gross, Defendant/wife is awarded $4,000.00 per month or twenty percent of husband's average gross income, including military retirement, whichever is more, for a period of twelve years. This is not periodic alimony but alimony in gross. The Court reserves the right to award periodic alimony in the future in the event of change in circumstances.

On January 15, 1998, the domestic relations court refused a request to modify the alimony in gross award because "alimony in gross is not modifiable at this point." On March 5, 1998, the domestic relations court found that while it could not consider a motion to alter, amend or vacate the divorce because ninety days had passed, it could "in light of the totality of circumstances" amend the Judge of Divorce dated October 30, 1997, ex mero muto and nunc pro tunc. The court explained paragraph 18 of the original decree, stating "the Plaintiff shall pay the Defendant no less than $4,000.00 per month, and any different additional amount between $48,000.00 per year and 20% of his adjusted gross income, if any, shall be paid to the Defendant on or before February 1st of the following year beginning February 1, 1999." In the same order, the court also awarded the Defendant $750.00 as periodic alimony for attorney's fees. On appeal, the Court of Civil Appeals found that the "Appellee/cross-appellant's motion for clarification is granted. Appeal was dismissed because the March 5, 1998, [sic] judgment is void."

The Debtor filed the present chapter 11 petition on October 18, 2002. He listed the Defendant as a creditor, and provided both her home address and the address of her divorce counsel. The Defendant and her bankruptcy counsel attended the Debtor's meeting of creditors on November 12, 2002. The Court sent notice to all creditors that the deadline for filing dischargeability complaints was January 11, 2003. The only complaint filed before or after the deadline was the Debtor's dischargeability complaint regarding his tax liability.

2

Case 04-01160    Doc 21    Filed 06/06/05    Entered 06/06/05 13:21:38    Desc Main
                           Document    Page 2 of 8

The Defendant filed two proofs of claim for $5,000.00 and $750.00 on March 25, 2003. The claims were general unsecured claims for attorney fees awarded to the Defendant in the divorce judgment and in a post-judgment order of March 5, 1998.[1] The Defendant did not claim §507(a)(7) priority status as maintenance or support obligations. She did not file any other proofs of claim.

The Debtor filed his Plan of Reorganization and Disclosure Statement on October 22, 2003. The Debtor's Plan put the Defendant in a separate class, and provided the following:

**CLASS 5- CLAIM OF CLARITA STONE**

The claim of this creditor is based on the Debtor's obligations under a divorce decree dated October 30, 1997. Pursuant to the creditor's two proofs of claim, the total amount of the claims is $5,750. These claims for $5,750, plus accrued interest, shall be paid in full as soon as practicable after the Effective Date, but no later than 30 days from the Effective Date, in full and final satisfaction of all claims held by the Class 5 claimholder against the Debtor. This class is impaired.

The Plan states that the Defendant's claim is "impaired", and defines the term in section 1.25 of the Plan as "altering the legal, equitable, or contractual rights of the holder of a claim or interest, as described more fully in Section 1124 of the Bankruptcy Code."

The Debtor ultimately amended the Disclosure Statement and Plan twice. However, the provisions outlined above were not changed. The Court approved the Debtor's First Amended Disclosure Statement on December 16, 2003, and set a deadline for all creditors to submit ballots and file objections to the plan. The Defendant did not object to the First Amended Disclosure Statement. After consulting with her bankruptcy attorney, the Defendant accepted the plan and voted in favor of it. She did not file an objection to the plan. The Debtor's plan was eventually

---

[1] As noted above, the Court of Civil Appeals declared the March 5, 1998 order to be void.

3

confirmed by the Court on August 25, 2004. The Debtor paid the Defendant $10,485 by check, and the letter accompanying the payment stated that the sum was payment in full for her Class 5 claim. The Defendant accepted the payment and negotiated the check. The Debtor paid the alimony in gross payments to the Defendant throughout the pendency of his chapter 11 case, and stopped making the payments upon confirmation of his plan on August 25, 2004.

The Debtor filed the present adversary complaint on October 14, 2004 seeking a declaratory judgment as to whether the Debtor satisfied his obligations to the Defendant, whether the Debtor's obligations to the Defendant were discharged and released by the confirmation of the Debtor's plan and whether the discharge injunction prohibits further action by the Defendant to collect the alimony in gross award from the Debtor. The Defendant filed an answer and two counterclaims. The first counterclaim asks the Court to find that the payments under the judgment of divorce are periodic alimony under 11 U.S.C. §523(a)(5) and are nondischargeable. The second counterclaim asks the Court to set aside the provisions of the confirmation order applicable to the Debtor based on fraud.

Both the Debtor and the Debtor filed motions for summary judgment. At the hearing for the motions for summary judgment, the parties agreed that the facts of the case are not in dispute. After the parties' oral arguments, the Court granted the Debtor's motion for summary judgment as to the Defendant's second counterclaim for fraud by separate order dated January 19, 2005. The remaining issues were taken under submission by the Court.

## CONCLUSIONS OF LAW

In his declaratory judgment action, the Debtor asks the Court to determine that he has fully satisfied all obligations to the Defendant, that the Defendant's claims for alimony in gross

and attorney fees have been discharged and released under the confirmation order, and that the discharge injunction enjoins the Defendant from taking any action to collect the alimony in gross obligation. The Debtor also asserts that the Defendant's attempt to classify her claim for alimony in gross as a nondischargeable debt for maintenance and support is barred by the *res judicata* and claim preclusive effect of the confirmation order. The Debtor bases his argument on §1141(a) of the Bankruptcy Code on the effect of confirmation and the Eleventh Circuit's decision in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied* 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990), which held that an order of confirmation is res judicata as to all issues that could have and should have been raised pertaining to the plan. Section 1141(a) provides that except for subsections (d)(2) and (d)(3) of the section, the provisions of a confirmed plan bind the debtor and any creditor, whether or not the claim or interest of the creditor is impaired under the plan, and whether or not such creditor accepts the plan. 11 U.S.C. §1141(a).

To counter the res judicata effect of a confirmation order, the Defendant points to §1141(d)(2) of Title 11 which states simply: "The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title." The Defendant maintains that the debt created by the divorce decree for alimony in gross is in the nature of support rather than a property settlement, and is therefore nondischargeable under 11 U.S.C. §523(a)(5). Since the confirmation of a plan does not discharge a debt excepted from discharge under §523, the Defendant asserts that the payments under the divorce decree were not discharged because they are in the nature of support.

Although the Debtor cites the res judicata effect of the confirmation order, the Court can reach a decision in this matter by determining whether the Defendant's debt is nondischargeable

5

under 11 U.S.C. §523(a)(5). Section 523(a)(5) excepts from discharge debts to a spouse for "support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court." To qualify under §523(a)(5), the debt must actually be "in the nature of alimony, maintenance and support." 11 U.S.C. §523(a)(5). To decide whether the provisions of a divorce decree are in the nature of alimony and support, courts apply federal law rather than state law. *In re Strickland*, 90 F.3d 444, 446 (11th Cir. 1996). However, state law does "provide guidance in determining whether the obligation should be considered 'support' under §523(a)(5)." *Id*.

The Eleventh Circuit Court of Appeals outlined a court's inquiry in determining whether a debt is truly in the nature of support:

> [A] court cannot rely solely on the label used by the parties. As other courts have recognized, "'it is likely that neither the parties nor the divorce court contemplated the effect of a subsequent bankruptcy when the obligation arose.'" *In re Gianakas*, 917 F.2d 759, 762 (3d Cir. 1990) (citation omitted). <u>The court must therefore look beyond the label to examine whether the debt actually is in the nature of support or alimony. *Id*. A debt is in the nature of support or alimony if at the time of its creation the parties intended the obligation to function as support or alimony.</u> (citations omitted)

*Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001) (emphasis added).

The party seeking to have the debt held nondischargeable must prove her case by a preponderance of the evidence. *Cummings*, 244 F.3d at 1265. Courts have used a variety of factors to determine whether a debt is in the nature of support, including but not limited to: (1) whether the obligation is subject to contingencies, such as death or remarriage; (2) whether the payment was fashioned to balance disparate incomes of the parties; (3) whether the obligation is payable in installments or a lump sum; (4) whether minor children are involved; and (5)

6

whether there was need for support. *In re Prater*, 231 B.R. 819, 821 (Bankr. M.D. Fla. 1999); *In re Smith*, 207 B.R. 289, 291 (Bankr. M.D. Fla. 1997). This list is not exhaustive, and each factor need not be proven or considered in every case. *Horner v. Horner (In re Horner)*, 222 B.R. 918, 922 (S.D. Ga. 1998). "Although the factors considered by the bankruptcy court are relevant to our inquiry, the touchstone for dischargeability under §523(a)(5) is the intent of the parties." *Cummings*, 244 F.3d at 1266.

In this case, the domestic relations court heard the divorce proceeding and rendered a decision. Therefore, it is the domestic relations court's intent that this Court must consider. Paragraph 18 of the divorce decree awards the Defendant $4,000.00 per month, or twenty percent of her ex-husbands average gross income, which ever is more, for twelve years. The domestic relations court clearly identifies the award as alimony in gross, and then reiterates that the award is alimony in gross and not periodic alimony. The court then reserves the right to award periodic alimony in the future in the event of a change in circumstances. The amount and time of the payment is definite. This Court does not view the provision allowing for twenty percent of the Debtor's average gross income as a "built in" modification as asserted by the Defendant, but merely a means of calculating the award. In addition, the provision fails to meet the requirements for periodic alimony. It does not terminate upon death or remarriage. In its order of January 15, 1998, the domestic relations court found that the award was not modifiable. As stated above, the court specifically stated that the award was not periodic alimony and reserved the right to award periodic alimony in the future. This indicates that the court understood the distinction between the two types of awards, and intended it as alimony in gross.

7

In her brief in support of summary judgment, the Defendant, citing *Cummings*, asks the Court to defer ruling on this adversary and allow the domestic relations court to determine what part of the alimony in gross award was intended for support. Unlike *Cummings*, there is no indication in the record that the domestic relations court considered the alimony in gross award to serve the dual purpose of support and a property settlement. There is also no evidence of on-going litigation in the domestic relations court as there was in *Cummings*. Without such evidence, the Court sees no point in deferring to the domestic relations court in a decision that is before it and ripe for adjudication in this Court.

Based on the foregoing, the Court finds that the $4,000.00 per month award in the divorce decree is alimony in gross as opposed to periodic alimony, and as such is dischargeable in the Debtor's bankruptcy. The Court further finds that the Debtor has fully satisfied all obligations to the Defendant, that the Defendant's claims for alimony in gross and attorney fees have been discharged and released under the confirmation order, and that the discharge injunction enjoins the Defendant from taking any action to collect the alimony in gross obligation. The remaining issues in the Debtor's motion for summary judgment should be granted and the Defendant's motion for summary judgment should be denied. It is hereby

**ORDERED** that in the Debtor's motion for summary judgment as to all remaining issues is **GRANTED**, and the Defendant's motion for summary judgment is **DENIED**.

Dated: June 6, 2005

*William S. Shulman*
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

8

Case 04-01160   Doc 21   Filed 06/06/05   Entered 06/06/05 13:21:38   Desc Main
Document   Page 8 of 8